IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC W. DEAN and DEBRA GAYLE DEAN, <br><br> Plaintiffs, <br><br> v. <br><br> ST. JOSEPH HEALTH, ET AL, <br><br> Defendants. | No. C 15-05903 JSW <br><br> **ORDER GRANTING MOTION TO DISMISS** |

Now before the Court are the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacks jurisdiction filed by Defendants St. Joseph Health and St. Joseph Hospital of Eureka ("Hospital Defendants") and the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted filed by Defendant Angelo de Francesch, M.D. The Court finds the motions suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for May 27, 2016 is VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant authority, and good cause appearing, the Court hereby GRANTS the Hospital Defendants' motion to dismiss.

In response to the motions filed and upon further review, Plaintiffs dismissed their sole federal claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. section 1395dd. (*See* Opp. Br. at 1.) Accordingly, the sole remaining basis for federal jurisdiction is diversity of citizenship. Here, Plaintiffs plead and concede that there is not complete diversity of citizenship. (*See* Complaint ¶ 16.) The jurisdictional statute, 28 U.S.C. section

1332(a)(1), requires complete diversity of the parties (as well as damages alleged in excess of $75,000). Here, Plaintiffs' complaint alleges that Hospital Defendants and Plaintiffs are residents of California. Accordingly, the Court lacks jurisdiction and must dismiss. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (stating that the district court has an independent obligation to determine subject matter jurisdiction). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

For the foregoing reasons, the Court GRANTS the Hospital Defendants' motion to dismiss, and finding it lacks jurisdiction over the entire matter, dismisses the case without leave to amend. A separate judgment shall issue and the Clerk is instructed to close the matter.

**IT IS SO ORDERED.**

Dated:   May 23, 2016

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE